**Alfred L. STONE, Appellant**

v.

**LANDIS CONSTRUCTION CORPORA-
TION and Ethan Landis, Official &
Individual Capacity, Appellees.**

No. 14–7022.

United States Court of Appeals,
District of Columbia Circuit.

Feb. 19, 2015.

Alfred L. Stone, Indianapolis, IN, pro se.

Joel P. Bennett, Law Offices of Joel P. Bennett, PC, Washington, DC, for Appellees.

Before: ROGERS, TATEL, and BROWN, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's judgment filed January 31, 2014, be affirmed. The district court did not abuse its discretion by granting in part the defendants' motion in limine. *See United States v. Wheeler,* 753 F.3d 200, 204 (D.C.Cir.2014). And Stone has forfeited any argument that the district court should have sanctioned the defendants for failing to produce his own job application. *See United States v. Dillon,* 738 F.3d 284, 293 (D.C.Cir.2013). His motion for sanctions did not seek this relief but instead sought to sanction the defendants for failing to produce other applicants' documents. Stone has also not shown his motion for a new trial satisfied the high burden needed to overturn a jury verdict. *See Czekalski v. LaHood,* 589 F.3d 449, 456 (D.C.Cir.2009). Finally, this court need not decide whether the district court properly dismissed the Age Discrimination in Employment Act claim against Ethan Landis in his individual capacity because Stone has not shown how this decision could have affected the evidence presented at trial or the verdict. Because Landis was the CEO of the company, as well as Stone's interviewer, and the jury unanimously concluded that Stone had not proven by a preponderance of the evidence that the company would have hired him but for his age, Stone has not explained how it would have been possible for the jury to return this verdict for the company while simultaneously determining that Landis as an individual discriminated against Stone.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.